IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **In the Matter of:** | |
| | Case No. 21-01942-DSC7 |
| **DANIEL BENJAMIN SNYDER** | |
| **SSN: XXX-XX-6318,** | CHAPTER 7 |
| | |
| Debtor. | |
| | |
| **MARINA STEWART-MAGEE,** | |
| as Administrator and Personal | |
| Representative of the ESTATE | |
| OF ALBINA AGDASOVNA | |
| SHARIFULLINA, deceased, | Case No. _____ |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| **DANIEL BENJAMIN SNYDER,** | |
| | |
| Defendant. | |

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

Comes now **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARIFULLINA, deceased**, a creditor in the above-styled case, and pursuant to 11 U.S.C.S. § 523(a)(9), files the following Complaint against the Debtor, Daniel Benjamin Snyder:

### PARTIES

1. The Creditor, Marina Stewart-Magee, is an individual resident and citizen of Jefferson County, Alabama.

2. Marina Stewart-Magee is the duly appointed Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased. As such, Ms. Stewart-

Magee has standing to bring each of the claims set forth in this Complaint.

3. The Debtor, Daniel Benjamin Snyder (hereinafter "the Debtor"), is an individual resident and citizen of Jefferson County, Alabama.

4. On August 18, 2021, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, Case No. 21-01942-DSC7. (Doc. 1).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

6. This is a core proceeding pursuant to 28 U.S.C. § 157.

7. Venue is proper in the Southern Division of the United States Bankruptcy Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1409 because the proceeding arises in or is related to a case under Title 11 of the Bankruptcy Code which is pending in the same district.

## FACTUAL ALLEGATIONS

8. The Debtor has been sued as a defendant in a wrongful death civil case styled *Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Sharifullina, deceased, v. Daniel B. Snyder*, bearing case number 25-CV-2016-900001.

9. The wrongful death lawsuit is pending in the Circuit Court of Cullman County, Alabama and involves a fatal SeaDoo collision which occurred on Sunday, July 6, 2014 at 12:30 a.m. on Smith Lake in Cullman County, Alabama.

10. The Creditor's decedent, Albina Sharifullina, was a passenger on the SeaDoo when the SeaDoo collided with a dock in the Sulphur Springs Slough of Smith Lake.

11. The Debtor was the driver and owner of the SeaDoo at the time of the collision.

12. The collision occurred in the early morning hours of July 6, 2014 at a time when it was completely dark outside.

13. The SeaDoo being driven by the Debtor at the time of the collision was not equipped with headlights to illuminate its path of travel in the dark.

14. The SeaDoo being driven by the Debtor was observed to be traveling at a high rate of speed by John Barnes, a homeowner across the slough, immediately before the collision occurred.

15. The Creditor's decedent, Albina Sharifullina, suffered fatal injuries and died at the scene of the collision.

16. The Debtor survived the collision and was airlifted to Huntsville Hospital in Huntsville, Alabama for treatment.

17. According to Dr. David Gray, a plastic surgeon who examined and treated the Debtor at Huntsville Hospital, the Debtor was "awake and alert" at Huntsville Hospital with limited cognition "secondary to closed head injury/alcohol intoxication."

18. A blood test analysis performed at Huntsville Hospital revealed that the Debtor had a blood alcohol concentration (BAC) of 0.152 percent approximately two hours after the collision occurred.

19. The Boating Accident Investigating Report prepared by Trooper John Williams of the Alabama Law Enforcement Agency listed "alcohol use" on the part of the Debtor as a contributing factor to the subject collision.

20. On January 5, 2016, the Creditor filed a civil lawsuit against the Debtor in the Circuit Court of Cullman County, Alabama, seeking damages against the Debtor for the wrongful

death of her daughter, Albina Sharifullina.

21. A true and correct copy of the original Complaint and First Amended Complaint filed by the Creditor against the Debtor is attached to this Complaint as "Exhibit 1."

22. At the time of the collision giving rise to the Creditor's wrongful death lawsuit, the Debtor was operating a vessel (SeaDoo) on Smith Lake in Cullman County, Alabama while illegally intoxicated by alcohol. See Ex. 2, Affidavit of Carissa Brock, RN; Ex. 3, Affidavit of Trooper John M. Williams.[1]

23. The actions and conduct of the Debtor – i.e., operating a SeaDoo with no headlights at a high rate of speed in the dark while illegally intoxicated by alcohol – proximately caused the collision and resulting death of Albina Sharifullina.

## COUNT ONE
## NON-DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(9)

24. The Creditor adopts and incorporates the allegations in paragraphs one (1) through twenty-three (23) of this Complaint as if fully set out herein.

25. Section 523(a)(9) of the Bankruptcy Code provides that an individual debtor is not discharged of any debt "for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance[.]" 11 U.S.C.S. § 523(a)(9).

26. The Debtor was operating a vessel (SeaDoo) while illegally intoxicated when the collision giving rise to the Creditor's wrongful death lawsuit occurred.

---

[1] Exhibits 1-C and 1-D to the Affidavit of Trooper John M. Williams consist of medical records from Huntsville Hospital and unclothed photographs of the Debtor. Exhibit 1-E consists of an autopsy photograph of the Creditor's decedent, Albina Sharifullina. Due to the sensitive and confidential nature of Exhibits 1-C, 1-D, and 1-E, the exhibits are not attached to this Complaint.

27. The legal alcohol limit for operating a vessel in the State of Alabama is 0.08 percent. See Ala. Code § 32-5A-191.3(a); Ala. Code § 32-5A-191.

28. Approximately two hours after the collision occurred, the Debtor had a blood alcohol concentration (BAC) of 0.152 percent, almost double the legal limit for operating a vessel in the State of Alabama.

29. The actions and conduct of the Debtor – i.e., operating a SeaDoo with no headlights at a high rate of speed in the dark while illegally intoxicated by alcohol – proximately caused the collision and resulting death of Albina Sharifullina.

30. On January 5, 2016, the Creditor commenced a civil action against the Debtor in the Circuit Court of Cullman County, Alabama, seeking a money judgment against the Debtor for the wrongful death of Albina Sharifullina.

31. The judgment sought by the Creditor against the Debtor is non-dischargeable under Section 523(a)(9) of the Bankruptcy Code because it is a debt for the death of Albina Sharifullina, the debt was caused by the Debtor's operation of a vessel, and such operation was unlawful because the Debtor was intoxicated from using alcohol. See 11 U.S.C.S. § 523(a)(9).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased, respectfully requests this Honorable Court to enter a final judgment in favor of the Plaintiff and against the Defendant, Daniel Benjamin Snyder, (i) determining that the Defendant's debt to Marina Stewart-Magee shall not be discharged pursuant to 11 U.S.C.S. § 523(a)(9); and (ii) granting such other and further relief as the Court deems just and proper.

5

## COUNT TWO
## NON-DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. § 523(a)(6)

32. The Creditor adopts and incorporates the allegations in paragraphs one (1) through thirty-one (31) of this Complaint as if fully set out herein.

33. Section 523(a)(6) of the Bankruptcy Code provides that an individual debtor is not discharged of any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.S. § 523(a)(6).

34. The actions and conduct of the Debtor – i.e., operating a SeaDoo in the dark while illegally intoxicated by alcohol and accelerating said SeaDoo to a high rate of speed in a slough full of private docks and piers – was "willful and malicious" within the meaning of 11 U.S.C.S. § 523(a)(6).

35. The willful and malicious conduct of the Debtor proximately caused the death of the Creditor's decedent, Albina Sharifullina.

36. The judgment sought by the Creditor against the Debtor in the wrongful death lawsuit described herein is non-dischargeable under Section 523(a)(6) of the Bankruptcy Code because it is a debt for "willful and malicious injury" within the meaning of said section.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Marina Stewart-Magee, as Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased, respectfully requests this Honorable Court to enter a final judgment in favor of the Plaintiff and against the Defendant, Daniel Benjamin Snyder, (i) determining that the Defendant's debt to Marina Stewart-Magee shall not be discharged pursuant to 11 U.S.C.S. § 523(a)(6); and (ii) granting such other and further relief as the Court deems just and proper.

Dated this 10th day of November, 2021.

/s/ Mark W. Lee
Mark W. Lee (ASB-4579-L59M)

/s/ Kendall A. Lee
Kendall A. Lee (ASB-1392-W21L)
Attorneys for Creditor
Marina Stewart-Magee

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

**DEBTOR TO BE SERVED VIA FIRST CLASS MAIL PURSUANT TO RULE 7004(b)(9)**

Daniel Benjamin Snyder, Esq.
3358 Rosemary Lane
Birmingham, Alabama 35216

**DEBTOR'S COUNSEL TO BE SERVED VIA FIRST CLASS MAIL PURSUANT TO RULE 7004(g)**

C. Taylor Crockett, Esq.
C. TAYLOR CROCKETT, P.C.
2067 Columbiana Road
Birmingham, Alabama 35216

**OTHER PARTIES TO BE SERVED VIA FIRST CLASS MAIL PURSUANT TO RULE 7004(b)**

James G. Henderson, Trustee
1210 Financial Center
505 N. 20th Street
Birmingham, Alabama 35203

7