# Exhibit 1



ELECTRONICALLY FILED
1/5/2016 8:53 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| **MARINA STEWART-MAGEE,** who sues as Administrator and Personal Representative of the Estate of **ALBINA AGDASOVNA SHARIFULLINA, Deceased,**<br><br>Plaintiff,<br><br>vs.<br><br>**DANIEL B. SNYDER;** Defendant No. 1, being that person who was operating the Sea Doo described in the Complaint at the time set forth in the Complaint; Defendants No. 2 & 3, being that person or entity which caused or contributed to cause the incident described in the Complaint; Defendants No. 4 & 5, being that person or entity which provided alcoholic beverages to the named Defendant in the hours preceding the incident described in the Complaint; All of whose true and correct names are otherwise unknown to Plaintiff at this time but will be added by amendment when properly ascertained.<br><br>Defendants. | CIVIL ACTION: _____ |

## COMPLAINT

1. Plaintiff, Marina Stewart-Magee is the duly appointed Administrator and Personal Representative of the Estate of Albina Agdasovna Sharifullina, deceased.

2. On or about, July 5, 2014, the Plaintiff's decedent was a passenger on a Sea Doo watercraft owned and operated by Defendant, Daniel B. Snyder. Plaintiff's decedent

1

Case 21-00046-DSC   Doc 1-1   Filed 11/10/21   Entered 11/10/21 17:23:18   Desc
Exhibit 1 - Plaintiffs Complaint & First Amended Complaint - Marina Stewar   Page 2 of 10

had been the invited guest of Defendant to come to Smith Lake and visited the house of Defendant's friend on that lake that evening. Defendant had been drinking alcoholic beverages and had a blood alcohol level of 0.152 immediately after the incident made the basis of this suit and was greatly in excess of the level of legal intoxication.

3. Defendant had visited the lake house of one of his friends, Jeffrey Hunter Whitlock, where he stayed from 6:30 p.m. until after 10:00 p.m. When the Defendant was about to leave on his Sea Doo with Plaintiff's decedent, Jeffrey Hunter Whitlock (along with others) told Defendant that it was dangerous and illegal to ride his Sea Doo at night under the dark conditions at Smith Lake. Whitlock offered to drive Defendant and Plaintiff's decedent to Defendant's cabin cruiser boat he kept at another location to sleep for the night. Defendant declined that offer and advice and told Whitlock "It's not very far and I have lights I can put on my Sea Doo." Defendant then left on the Sea Doo into the dark night on that lake in an intoxicated and impaired condition with Plaintiff's decedent as his passenger.

4. At some point near midnight, the Defendant's Sea Doo was seen by John Barnes by its lights travelling in an erratic fashion at a high rate of speed. It then came to an abrupt stop with a loud noise as it struck a dock in the slew. Defendant was found slumped over a stabilizing cable for the dock. The body of the Plaintiff's decedent was not found until sometime later. Plaintiff's decedent died on July 6, 2014, from the injuries suffered in this collision of Defendant's Sea Doo with the dock.

5. Plaintiff avers that Defendant, Snyder, was negligent in the operation of the Sea Doo in an intoxicated, impaired condition on a dark night on Smith Lake when

2

Case 21-00046-DSC   Doc 1-1   Filed 11/10/21   Entered 11/10/21 17:23:18   Desc
Exhibit 1 - Plaintiffs Complaint & First Amended Complaint - Marina Stewar   Page 3 of 10

visibility would be difficult for even a completely sober operator. Defendant was negligent in operating her Sea Doo in this situation and at erratic and high speed under an impaired condition and in severe darkness. Defendant's negligence placed the life of plaintiff's decedent in risk and that risk became reality when the Sea Doo struck the dock as described above. As a proximate consequence of Defendant, Snyder's negligence, the Plaintiff's decedent was so injured that she died on July 6, 2014.

6. Plaintiff further avers that at the same time and place set forth above, Defendant Synder was guilty of wanton misconduct which proximately caused the death of Plaintiff's decedent. Defendant consciously and callously declined offers to be driven to his boat with the Plaintiff's decedent and despite good advice to the contrary decided to operate his Sea Doo in an intoxicated and impaired condition on an extremely dark night and at erratic movements and high speed while Plaintiff's decedent was his passenger. Such conduct was willful and conscious even though impaired by alcohol and poor judgment under all of these attendant circumstances as set forth above. As a proximate consequence thereof, Plaintiff's decedent was so injured that she died on July 6, 2014.

Wherefore, Plaintiff demands judgment against Defendants, separately and severally, in such sums as a jury may assess after a full and fair consideration of the facts.

Stephen D. Heninger (HEN007)

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (HEN007)

Attorney for Plaintiff

3

Plaintiff demands trial by struck jury on all issues raised herein.

*[signature]*
Stephen D. Heninger (HEN007)

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
E-mail: Steve@hgdlawfirm.com

**Plaintiff's Address:**

4104 Melanie Drive
Moody, Alabama 35004


**Serve Defendant via Certified Mail**

DANIEL B. SNYDER
84 Blue Sky Drive
Lacey Springs, Alabama 35754

4


ELECTRONICALLY FILED
7/12/2018 10:28 AM
25-CV-2016-900001.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| MARINA STEWART-MAGEE, )<br>as Administrator and Personal )<br>Representative of the ESTATE )<br>OF ALBINA AGDASOVNA )<br>SHARFIFULLINA, deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL B. SNYDER, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>CV-2016-900001<br><br><br>**JURY DEMAND**<br>**REQUESTED** |

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff, **MARINA STEWART-MAGEE, as Administrator and Personal Representative of the ESTATE OF ALBINA AGDASOVNA SHARFIFULLINA, deceased**, pursuant to this Honorable Court's Order entered on December 27, 2017 (Doc. 103), and hereby amends her original Complaint (Doc. 2) to substitute and add Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock for Fictitious Defendants "2" through "5" as follows:

1. Plaintiff adopts and re-alleges all allegations, claims, and demands in her original Complaint (Doc. 2) as if fully set forth herein.

2. Defendant Jeffrey Howard Whitlock is an individual over the age of 19 years and a resident of Shelby County, Alabama.

3. Defendant Jeffrey Hunter Whitlock is an individual over the age of 19 years and a resident of Jefferson County, Alabama.

4. Venue is proper in Cullman County, Alabama pursuant to Ala. Code § 6-3-2 (1975) because the accident made the basis of this lawsuit occurred in Cullman County, Alabama.

5. Jurisdiction is proper in the Circuit Court of Cullman County, Alabama pursuant to Ala. Code § 12-11-30 (1975) because the matter in controversy exceeds ten thousand dollars ($10,000.00), exclusive of interest and costs. See Ala. Code § 12-11-30(1) (1975).

6. On or about July 5, 2014, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock hosted a social dinner gathering at their private lake home located at 680 County Road Highway 218, Bremen, Alabama 35033.

7. Defendant Daniel B. Snyder and the Plaintiff's decedent, Albina Agdasovna Sharfifullina, attended the aforementioned dinner gathering hosted by the Defendants, Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock.

8. Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock provided and/or allowed to be provided alcoholic beverages to Defendant Daniel B. Snyder during the social dinner gathering, and Daniel B. Snyder became intoxicated while attending said dinner gathering.

9. At approximately 10:00 p.m. on July 5, 2014, Defendant Daniel B. Snyder, while intoxicated, left the aforementioned dinner gathering on a SeaDoo personal watercraft (hereinafter "SeaDoo"), and with the Plaintiff's decedent as his passenger, drove said SeaDoo into the dark and ultimately collided it into a dock nearby. As a result of the collision, the Plaintiff's decedent suffered fatal injuries and died.

10. Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe and illegal for Daniel B. Snyder to operate his

2

Case 21-00046-DSC    Doc 1-1    Filed 11/10/21    Entered 11/10/21 17:23:18    Desc
Exhibit 1 - Plaintiffs Complaint & First Amended Complaint - Marina Stewar    Page 7 of 10

SeaDoo in the dark and while under the influence of alcohol.

11. Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock knew or should have known that it was unsafe for the Plaintiff's decedent to travel as a passenger on a SeaDoo being driven by Daniel B. Snyder under the conditions described in paragraph 10.

12. Upon information and belief, Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock told Daniel B. Snyder that it was "dangerous and illegal" to operate a SeaDoo at night, and offered to take Daniel B. Snyder to his cabin cruiser boat at Ryan Creek Marina, where Daniel B. Snyder and the Plaintiff's decedent could stay for the night.

13. Upon information and belief, Defendant Daniel B. Snyder initially accepted a ride from the Defendants to Ryan Creek Marina, but subsequently changed his mind.

14. Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock, through their own actions, voluntarily assumed and undertook a duty to protect the Plaintiff's decedent from the negligent, reckless, and wanton conduct of Daniel B. Snyder and to warn the Plaintiff's decedent of the risks associated with traveling on a SeaDoo with Daniel B. Snyder in the dark.

15. Defendants Jeffrey Howard Whitlock and Jeffrey Hunter Whitlock negligently, recklessly, and wantonly breached their duty of care to the Plaintiff's decedent by:

    (a) failing to warn the Plaintiff's decedent of the risks associated with riding a SeaDoo in the dark;

    (b) failing to provide and/or secure an alternative and safer means of transportation for the Plaintiff's decedent;

3

(c) failing to take sufficient and reasonable steps to prevent Daniel B. Snyder from operating his SeaDoo in the dark and while under the influence of alcohol, despite their actual or constructive knowledge that serious injury and/or death would likely or probably result; and

(d) failing to take sufficient and reasonable steps to prevent the Plaintiff's decedent from riding as a passenger on the aforementioned SeaDoo under the conditions described in subsection (c), despite their actual or constructive knowledge that serious injury and/or death would likely or probably result.

16. As a direct and proximate result of the Defendants' negligent, reckless, and wanton conduct, Plaintiff's decedent, Albina Agdasovna Sharfifullina, suffered fatal injuries and died.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants, Daniel B. Snyder, Jeffrey Howard Whitlock, and Jeffrey Hunter Whitlock, in an amount deemed appropriate by a jury which will adequately reflect the enormity of the Defendants' wrongful conduct, in the form of punitive damages, plus interest and costs of this proceeding.

Respectfully submitted this 12th day of July, 2018.

/s/ Mark W. Lee
Mark W. Lee (LEE003)
Kendall A. Lee (LEE091)
Attorneys for Plaintiff

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
mlee@pljpc.com
klee@pljpc.com

4

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues raised herein.

/s/ Mark W. Lee<br>OF COUNSEL

**SERVE VIA CERTIFIED MAIL**

Mr. Jeffrey Howard Whitlock
2250 Beaver Creek Road
Columbiana, Alabama 35051

Mr. Jeffrey Hunter Whitlock
4113 Clover Leaf Drive
Birmingham, Alabama 35243

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this 12th day of July, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile electronic filing system which will effect service of such filing on the following:

Daniel S. Wolter, Esq.
**Daniel Wolter Law Firm, LLC**
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ Mark W. Lee<br>OF COUNSEL

5